IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03235-PAB-KAS

SCOTT ROBERTSON,

 Plaintiff,

v.

BANNER MEDICAL GROUP COLORADO,

 Defendant.

___

**ORDER**
___

This matter comes before the Court on Defendant's Motion to Dismiss [Docket No. 9]. Plaintiff Scott Robertson filed a response, Docket No. 12, and defendant Banner Medical Group Colorado ("Banner") filed a reply. Docket No. 17. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

On August 14, 2024, Dr. Robertson filed this action against Banner in the District Court of Weld County, Colorado. Docket No. 8-1 at 2. In the complaint, Dr. Robertson alleges that he worked as a neurosurgeon for Banner from January 2021 to May 12, 2021. *Id.* at 4-5, ¶¶ 16, 28. He alleges that, during his time working at Banner, female colleagues spread rumors that Dr. Robertson had an "aggressive" nature. *Id.* at 5, ¶ 22. Dr. Robertson claims that a female employee pushed him into a wall, which caused him to drop and damage his computer. *Id.*, ¶ 24. Dr. Robertson alleges that Banner refused to take corrective action when he reported these issues to the human resources department. *Id.*, ¶ 26. Banner terminated Dr. Robertson on May 12, 2021. *Id.*, ¶ 28.

The complaint brings claims for harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id*. at 5-8, ¶¶ 32-48.

On November 21, 2024, Banner removed the case to federal court. Docket No. 1. On November 27, 2024, Banner filed a motion to dismiss all of Dr. Robertson's claims. Docket No. 9. Banner argues that Dr. Robertson failed to file his claims within ninety days of the Equal Employment Opportunity Commission ("EEOC") issuing Dr. Robertson a right-to-sue letter on April 27, 2023. *Id.* at 2-6. Dr. Robertson responds that he did not receive a copy of the EEOC's right-to-sue letter until May 21, 2024. Docket No. 12 at 2.

## II.   DISCUSSION

Although Banner's motion is titled as a motion to dismiss, it fails to identify under what authority it seeks to dismiss Dr. Robertson's complaint. *See* Docket No. 9. Federal Rule of Civil Procedure 12(b) states that every "defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(1)-(7). Banner's motion does not raise any of these defenses to Dr. Robertson's claims and does not mention Rule 12. *See* Docket No. 9. Instead, Banner argues that the Court should dismiss Dr. Robertson's claims as untimely because they were not filed within ninety days of the EEOC issuing a right-to-sue letter. *Id.* at 2-6. Banner's failure to identify the applicable legal standard for its motion or to address how Banner has met this standard is a sufficient basis to deny the motion. *See Lake Irwin*

2

*Coal. v. Smith*, No. 19-cv-01056-CMA-GPG, 2021 WL 4459048, at *2 (D. Colo. Sept. 29, 2021) (denying motion for summary judgment because plaintiff failed to articulate either the legal standard or how plaintiffs had met that standard (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)); *McNees v. Ocwen Loan Servicing, LLC*, No. 16-cv-01055-WJM-KLM, 2019 WL 13199890, at *2 (D. Colo. Oct. 10, 2019) (denying motion to modify scheduling order because plaintiff "fails to cite any legal authority for the requested relief, fails to identify the applicable legal standard for reopening discovery, fails to acknowledge the factors courts consider when ruling on such requests, and fails to provide any argument regarding those factors").  Therefore, the Court will deny the motion to dismiss.

Even if the Court were to consider Banner's argument regarding the timeliness of Dr. Robertson's complaint, the Court would find that the parties' dispute is not amenable to resolution on a motion to dismiss.  Title VII requires the EEOC to "notify the person aggrieved" when it dismisses a charge.  *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (unpublished) (quoting 42 U.S.C. § 2000e-5(f)(1)).  "The aggrieved person then has ninety days after the giving of such notice to file a civil action against the respondent named in the charge."  *Id.* (citation, alteration, and quotations omitted).  The filing requirement "is not a jurisdictional prerequisite," but "a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."  *Id.* (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)).  The Tenth Circuit has found that a failure to comply with Title VII's statutory deadlines "permits a defendant only an affirmative defense."  *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1183, 1185 (10th Cir. 2018) ("a plaintiff's failure to file an EEOC charge

3

regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim").

The Court finds that Tenth Circuit precedent regarding motions to dismiss based on the statute of limitations is applicable to Banner's argument that Dr. Robertson missed Title VII's filing deadline. *See Panicker*, 712 F. App'x at 785 (the statutory ninety-day deadline "functions like a statute of limitations"). "The statute of limitations is an affirmative defense that must be raised by the defendant." *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (citing *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018)). "Typically, facts must be developed to support dismissing a case based on the statute of limitations." *Id.* However, a "statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). "If from the complaint, the dates on which the pertinent acts occurred are not in dispute, then the date a statute of limitations accrues is a question of law suitable for resolution at the motion to dismiss stage." *Id.* (alterations and quotations omitted) (citing *Edwards v. Int'l Union, United Plant Guard Workers of Am.*, 46 F.3d 1047, 1050 (10th Cir. 1995); *Fernandez*, 883 F.3d at 1299 (a court may grant a motion to dismiss based on a statute of limitations defense only "when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements")).

The complaint alleges that, "[o]n or about May 21, 2024, the EEOC issued Plaintiff a Notice of Right to Sue.  Plaintiff is filing his complaint within 90 days of receiving that Notice of Right to Sue."  Docket No. 8-1 at 4, ¶ 13.  Although courts must generally accept as true the well-pled allegations in the complaint when ruling on a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Banner's motion suggests that this allegation is not well-pled because the allegation is contradicted by the date on Dr. Robertson's right-to-sue letter.  Docket No. 9 at 2 ("On April 27, 2023, the EEOC issued Plaintiff a Notice of Right to Sue at his request.").  Banner attaches the right-to-sue letter as an exhibit to its motion.  *See* Docket No. 9-1.  Banner maintains that the Court may take judicial notice of the letter because courts routinely consider EEOC records on motions to dismiss.  Docket No. 9 at 2 n.1 (citing *Lombardi v. Advantage Logistics USA W., LLC*, No. 11-cv-02467-DME-MJW, 2012 WL 2319094, at *1 n.2 (D. Colo. June 19, 2012)).

Dr. Robertson attaches documents to his response that the EEOC inadvertently sent the right-to-sue letter to the wrong address.  Docket No. 12 at 5.  He asserts that an EEOC employee told Dr. Robertson on April 27, 2023 that the right-to-sue letter had not been issued.  *Id.* at 2.  Dr. Robertson also attaches affidavits from Dr. Robertson and his counsel stating that neither of them received a copy of the right-to-sue letter before May 21, 2024.  *Id.* at 3.  In its reply, Banner maintains that the Court may not consider any of Dr. Robertson's evidence because he relies on materials outside of his complaint.  Docket No. 17 at 2 ("As an initial matter, the Court should not consider Plaintiff and his counsel's Affidavits as they are not part of the Complaint and do not fit into one of the exceptions for permissible consideration of extraneous materials.").

5

Nevertheless, for the first time in its reply, Banner asks the Court to consider evidence obtained through information requests made under the Freedom of Information Act ("FOIA") to the EEOC. *Id.* at 3-4. These FOIA documents allegedly indicate that Dr. Robertson accessed his file with the EEOC in November 2023 through an online portal. *Id.* Banner argues that this suggests that Dr. Robertson was aware that the EEOC's investigation had closed by November 2023. *Id.*

The parties' briefing, as well as both sides' reliance on materials not included or referenced in Dr. Robertson's complaint, demonstrates that the parties' dispute over when Dr. Robertson had actual or constructive knowledge of his right to sue is beyond the scope of a motion to dismiss. Rather, disputed issues of fact must be resolved at a different stage of the litigation. Because the complaint alleges that the EEOC issued Dr. Robertson a right-to-sue letter on May 21, 2024, and because the complaint was filed on August 14, 2024, Docket No. 8-1 at 4, ¶ 13, the complaint does not "make clear that the right sued upon has been extinguished." *Herrera*, 32 F.4th at 991. For this additional reason, the Court will deny the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 9] is **DENIED**.

DATED August 25, 2025.

                                                  BY THE COURT:

                                                  PHILIP A. BRIMMER
                                                  Chief United States District Judge